IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

D'WAYNE ROSCHEL BAILEY,

                               CAUSE NO. CV 08-152-M-DWM-JCL

             Plaintiff,

      vs.                   FINDINGS AND RECOMMENDATION
                           OF U.S. MAGISTRATE JUDGE

MONTANA DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ROBERT E.
WYNIA, M.D., Director of Dept.
of Health and Human Services,
PATRICK QUINN, and BONNIE FOUTS-OWENS,

             Defendants.
_____

## I.   BACKGROUND

By Order entered January 6, 2009, the Court granted Plaintiff D'Wayne Bailey's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 permitting Bailey to prosecute his Complaint without prepayment of the filing fee.  Section 1915 requires the Court to conduct a preliminary screening of the allegations set forth in Bailey's Complaint.  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>
>> (B) the action or appeal–

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

(I) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 1915 the Court must review Bailey's Complaint to consider whether it can survive dismissal under the provisions quoted above.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).  The Court retains discretion to determine whether a case is frivolous and thus subject to dismissal under § 1915.  *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).  A complaint is legally frivolous within the meaning of § 1915 "where it lacks any arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (construing predecessor provision at 28 U.S.C. § 1915(d)).

Bailey commenced this action against the above-named Defendants alleging that they have violated his due process rights with respect to his efforts to establish, through paternity testing, that he is the father of a certain child. Bailey alleges that Defendants deprived him of his parental rights under the United States Constitution relative to his relationship with his purported child.  For his relief, Bailey requests that this Court require the Montana Department of Health and Human Services to "do what it is they are supposed to do"

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 2

under the circumstances of Bailey's situation to allow him to establish his parental rights and paternal relationship with his child.

Bailey attached numerous documents as exhibits to his Complaint.  Those documents reflect the following:

In August 2006 Bailey filed a "Petition to Establish Paternity and Parentally [sic] Rights" in the Montana Nineteenth Judicial District Court, Lincoln County, captioned as *Bailey v. Dept. of Health and Human Services, Child Support Enforcement*, Cause No. DF-06-1.  In that petition Bailey asserts his due process rights under the United States Constitution, and he seeks to have a paternity test conducted, to have the child's birth certificate amended to identify Bailey as the father of the child, and to establish Bailey's parental rights over the child. Included in the documents Bailey submitted with his Complaint, however, are several letters from District Judge Michael Prezeau (the presiding judge in Bailey's state court action) to Bailey which reflect that his petition has not progressed through the state court simply because Bailey has failed to effect proper service of his petition on the Dept. of Health and Human Services, Child Support Enforcement Division (CSED).[1]

---

[1]The most recent letter from Judge Prezeau in the record in this case is dated April 11, 2007, in which Judge Prezeau informs Bailey there is nothing for the court to resolve in the case until after Bailey serves his petition and until after CSED has an

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 3

## II.  DISCUSSION

Bailey's pleading and its attached documents demonstrate that he has an open action pending in the Montana Nineteenth Judicial District asserting his rights to have a paternity test conducted and to have his parental rights established and protected under Montana law.  Therefore, for the reasons discussed below, comity in our federal system of government and the need to afford appropriate deference to the state courts on matters of state interest dictate that this Court should abstain from exercising jurisdiction over the instant action.[2]

The United States Supreme Court's decision in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976) addressed "the problem posed by the contemporaneous exercise of concurrent jurisdiction by state and federal courts."  *Smith v. Central Arizona Water Conservation District,* 418 F.3d 1028, 1032 (9th Cir. 2005).  Under *Colorado River* a federal court may stay federal proceedings or refrain from exercising its jurisdiction in view of a parallel state court action when doing so would promote "wise judicial administration, giving regard to

_____

opportunity to respond to the petition.  There is nothing further in the record in this case suggesting that Bailey's petition is not still pending in state court.

[2]The federal courts may raise the abstention doctrine *sua sponte*.  *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 4

conservation of judicial resources and comprehensive disposition of litigation[.]"  *Smith*, 418 F.3d at 1033 (quoting *Colorado River*, 424 U.S. at 817) (further quotation omitted).

This Court recognizes that the existence of circumstances warranting abstention under *Colorado River* is rare as "the *Colorado River* doctrine is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Smith*, 418 F.3d at 1033 (quoting *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (further quotation and citation omitted)).  The circumstances permitting abstention or a stay under *Colorado River* are considerably more limited than the circumstances warranting a stay under traditional abstention analysis.  *Gilbertson v. Albright*, 381 F.3d 965, 982 n.17 (9th Cir. 2004).  "If there is any substantial doubt as to" whether "the parallel state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties[,]" then the federal action should not be stayed.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (quotation and emphasis omitted).

The Supreme Court's decision in *Colorado River* identified various factors to consider.  As a preliminary consideration, the court which first assumed jurisdiction over the matter "may exercise that jurisdiction to the exclusion of other courts."

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 5

*Colorado River*, 424 U.S. at 818.  Other factors include the convenience of the federal forum, the avoidance of piecemeal litigation, the order in which jurisdiction was obtained by the concurrent forums, whether "federal law provides the rule of decision on the merits", whether the state court proceedings are adequate to protect the federal litigant's rights, and the prevention of forum shopping.  *Id.*, and *Travelers Indemnity Co. v. Madonna*, 914 F.2d 1364, 1367-68 (9th Cir. 1990).  No single factor is determinative, and the court must balance its obligation to exercise jurisdiction against the various "factors counseling against that exercise[.]"  *Colorado River*, 424 U.S. at 818.

Consideration of the factors enunciated in *Colorado River* leads the Court to conclude that it should abstain from adjudicating the matters asserted in Bailey's Complaint.  Prior to filing his Complaint in this Court, Bailey filed his above-referenced petition in state court.  Therefore, the state court was the first to assume jurisdiction over the subject of Bailey's petition which is identical to the subject matter of his Complaint filed in this Court.

With respect to the convenience of the two possible forums, federal court is no more convenient to Bailey than is the state court because Bailey is presently incarcerated in the State of California.  Also, any further proceedings in this action could

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 6

potentially result in inappropriate piecemeal litigation in view
of Bailey's open and parallel state court action.

Next, Bailey's state court proceedings will adequately
protect the rights and claims he asserts in this case.  Bailey
has asserted those same legal claims in the state court action,
and he is at liberty to continue to prosecute his claims in his
state court petition if he would simply effect proper service of
his petition on the proper defendant.

Furthermore, to allow Bailey to maintain this action would
improperly promote forum shopping.  It appears Bailey is
dissatisfied with his own failed efforts to effect service of his
state court petition, and that he is simply attempting to achieve
his desired results through a different forum.  Bailey's attempt
to invoke the jurisdiction of a different forum would not be
necessary if he would proceed with proper service of his state
court petition.

Finally, state law provides the applicable legal and
regulatory structure for the appropriate resolution of Bailey's
efforts to establish paternity and his parental rights.
Therefore, the subject matter of this action is a matter of state
interest and is more appropriately addressed by the state court.
It is well established that federal courts should abstain from
addressing matters concerning domestic relations when the primary

issue concerns the status of parent and child, or husband and wife, and where there are ongoing concurrent proceedings in a state court. *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983).

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Peterson*, 708 F.2d at 466.  Thus, in *Peterson*, the Ninth Circuit affirmed, on grounds of abstention, the dismissal of a federal complaint seeking to establish a father's visitation rights with his children where there was an ongoing pending action in a state court involving the father's visitation rights.  *See also Swayne v. L.D.S. Social Services*, 670 F. Supp. 1537, 1545-49 (D. Utah 1987) (abstaining from father's action seeking to assert his parental rights over a newborn child who was involved in a parallel state court adoption proceeding).

In view of the subject matter of this action - that being issues of a father's paternity and parental rights - and consistent with *Peterson*, the Court finds the merits of this case are best resolved in the parallel state court proceeding since the state has a strong interest in domestic relations matters.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 8

Based on the foregoing consideration of the relevant abstention factors, and pursuant to its screening authority above under 28 U.S.C. § 1915, the Court concludes that, on balance, the analysis under *Colorado River* requires this Court should abstain from adjudicating Bailey's Complaint at this time.  Accordingly, Court hereby enters the following:

**RECOMMENDATION**

Bailey's Complaint should be dismissed without prejudice on grounds of abstention.


DATED this  6th   day of January, 2009.


                                    /s/ Jeremiah C. Lynch
                                    Jeremiah C. Lynch
                                    United States Magistrate Judge


FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 9