

FILED

FEB 0 4 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| D'WAYNE ROSCHEL BAILEY, ) | CV 08-152-M-DWM-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MONTANA DEPARTMENT OF HEALTH ) AND HUMAN SERVICES, ROBERT E. ) WYNIA, M.D., Director of Dept. of Health ) and Human Services, PATRICK QUINN, ) and BONNIE FOUTS-OWENS, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Bailey has filed a Complaint under 42 U.S.C. § 1983 alleging violations of his due process rights in relation to his efforts to establish that he is the father of a certain child.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary

screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint without prejudice on the grounds of abstention. Judge Lynch noted that the Plaintiff has a pending petition to establish his paternity in the Montana Nineteenth Judicial District Court, Lincoln County. The record indicates that the Plaintiff's petition is stalled in state court because he has failed to effect proper service of his petition on the Dept. of Health and Human Services, Child Support Enforcement Division.

Judge Lynch considered the factors listed in the United States Supreme Court's opinion in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), to determine whether this Court should abstain from exercising jurisdiction over this action due to the pending state petition. The Magistrate identified several factors weighing in favor of abstention in this case, including: (1) the need to avoid piecemeal litigation; (2) the order in which jurisdiction was obtained by the forums (the petition in state court was filed first); (3) whether federal law provides the rule of decision (it does not); (4) the

adequacy of the state court proceeding; and (5) the need to prevent forum shopping.

Judge Lynch emphasized that the subject matter of this action is a matter of state interest and that state law provides the legal and regulatory structure for the resolution of a question of paternity. For these reasons, Judge Lynch recommends dismissal of the Complaint on the grounds of abstention.

Plaintiff Bailey timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Bailey does not address the Colorado River abstention factors, but instead asserts that he has adequately served his state petition on the Dept. of Health and Human Services, Child Support Enforcement Division.

The status of the Plaintiff's efforts to effect service in the state court action have no relation to the abstention analysis that serves as the basis for Judge Lynch's recommendation. Regardless of whether the petition has been served upon the relevant state agency, the operative facts are that the state action was filed first and that state law provides the appropriate process for resolution of the Plaintiff's paternity issues. Plaintiff Bailey's objection does not state a valid legal basis for this Court to refuse to adopt the Magistrate's recommendation.

Having considered the objections on file, and upon de novo review of the record, I agree with Judge Lynch's Findings and Recommendations and therefore

adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE on grounds of abstention.

DATED this 4th day of February, 2009.

_____
Donald W. Molloy, District Judge
United States District Court